TARA K. MCGRATH
United States Attorney
ANDREW SHERWOOD
Assistant U.S. Attorneys
California Bar No. 342419
New York Bar No. 4518106
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-9690
Email: andrew.sherwood@usdoj.gov

FILED
Dec 12 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ MelissaExler DEPUTY

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES LEE RANNEY,

Defendant.

Case No. 23CR2647-JES

**PLEA AGREEMENT**

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and Andrew Sherwood, Assistant United States Attorney, and Defendant CHARLES LEE RANNEY, hereinafter "Defendant" or "RANNEY"), with the advice and consent of Peter Blair, Esq., counsel for Defendant, as follows:

//

//

//

//

APSH: 2/14/24I

**THE PLEA**

A. THE CHARGES

Defendant agrees to plead guilty to Count 2 of the Information charging Defendant with Possession of Methamphetamine With Intent to Distribute in violation Title 21, United States Code, Sections 841(a)(1).

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to: any firearms, ammunition, cash or vehicles seized in connection with this case. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

B. TIMELINESS/OFFER REVOCATION

The disposition contemplated by this plea agreement is conditioned on (1) Defendant accepting the offer by either signing this agreement or agreeing that the Government can lodge it with the Court on or before noon (12pm PST) on **November 25, 2024**; and (2) Defendant's guilty plea being entered or tendered before the Court thereafter.

**II**

**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty have the following elements:

**Count 2 - Possession with Intent to Distribute [21 U.S.C. §§ 841(a)]**

1. The defendant knowingly possessed methamphetamine; and,

2. The defendant possessed methamphetamine with the intent to distribute it to another person.

For purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of methamphetamine involved in the offense was at least 50 grams of methamphetamine (actual).

As to the forfeiture for Count 2, Defendant understands the Government would have to prove by a preponderance of the evidence that the properties it seeks to forfeit are property, real and personal, which constitute or are derived from proceeds of the offense, or are property, real and personal, which were used to facilitate or were intended to be used to facilitate the commission of the offense.

B. <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about November 15, 2023, defendant CHARLES LEE RANNEY did knowingly and intentionally possess federally controlled substances, that is, defendant possessed approximately 938.9 grams of methamphetamine (actual), a Schedule II Controlled Substance, with the intent to distribute it to another person.

2. At the time defendant committed the above-referenced drug trafficking offenses, defendant knowingly possessed a Canik, model SFX Rival, 9x19mm caliber pistol, bearing serial number T6472-22CM 14717; and a Smith and Wesson, model M&P Shield, 9x9MM caliber pistol, bearing serial number LEZ3160 while at at a residence in San Diego, in the Southern District of California..

3. Defendant further admits that at the time he committed the above drug trafficking and firearms offenses, defendant knew his status as a convicted felon, that is, he knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. That is, defendant had been convicted of Conspiracy to Possess With Intent to Distribute Methamphetamine, 18 U.S.C. §§ 846 and 841(a)(1)), in the District of Hawaii, in Criminal Case No. 06cr434-JMS.

4. Defendant agrees that the firearms and all its component parts, and the ammunition, all of which he possessed, as described in ¶2 above, traveled from one state to another.

5. Defendant agrees and consents to the forfeiture of the following items seized at the time of Defendant's arrest and involved in the offenses in Count 2:

a. Canik Pistol, Model SFX Rival, 9mm caliber, Serial #T6472-22CM 14717;

b. Smith & Wesson, Model M&P 9 Shield, 9mm caliber, Serial #LEZ3160;

c. Privately manufactured handgun; PMG Polymer 80, Serial # P5FMBUS3W;

d. Privately manufactured handgun; PMG Polymer 80, Serial # P5FMBUS3X;

e. Loose 9 mm ammunition recovered from defendant's back yard;

f. A firearm magazine with live rounds recovered from defendant's backyard;

g. A loaded 9mm magazine recovered from defendant's backyard;

h. Another loaded firearm magazine recovered from defendant's backyard;

i. Loose firearm ammunition recovered from defendant's bathroom;

j. Loose 9mm round recovered from defendant's hallway floor;

k. Loose firearm ammunition recovered in a child's shoe in defendant's home;

l. 15 rounds of loose firearm ammunition found in defendant's master bedroom;

m. A loaded Smith & Wesson magazine found in defendant's master bedroom;

n. A loaded firearm magazine found in defendant's storage unit;

o. Loose firearm ammunition found in a Home Depot bucket in defendant's storage unit; and

p. A Smith & Wesson revolver, with an obliterated serial number, found in a Home Depot bucket in defendant's storage unit.

## III

## PENALTIES

The crimes to which Defendant is pleading guilty each carries the following penalties:

**Count 2 – Possession with Intent to Distribute [21 U.S.C. §§ 841(a)]**

A. a mandatory minimum of 10 years in prison, and a maximum of of life in prison;

B. a maximum $10,000,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of at least 5 years and a maximum term of life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E. forfeiture of all property, real and personal, which constitutes or is derived from proceeds of the offense, and all property, real and personal, which was used to facilitate or was intended to be used to facilitate the commission of the offense; and,

F. possible ineligibility for certain federal benefits.

**IV**

**DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over

to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

VII

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF CALIFORNIA**

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

VIII

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will

be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

Count 2

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1/§ 4B1.1] | 34* |
| 2. | Possession of a Firearm [§ 2D1.1(b)(1)] | +2 |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |

*If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, the defendant will be ineligible for any role reduction.

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

The parties may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

Pursuant to the § 3553(a) factors, the United States will recommend no more than a two-level variance at the time of sentencing. Thereafter, the United States will recommend a sentence of 15 years in prison.

G. SPECIAL ASSESSMENT

The parties will jointly recommend that Defendant pay special assessments in the total amount of $200.00, to be paid forthwith at time of sentencing. Special assessments shall be paid through the office

of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

H. FINE

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

I. SUPERVISED RELEASE

The parties will jointly recommend a term of supervised release on Count 2 of the Information, to run concurrently. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release without the express written consent of the Government.

J. FORFEITURE

Defendant's conviction will include forfeiture.

1. Penalty. In addition to the penalties in the plea agreement, federal law states Defendant must forfeit to the United States all firearms and ammunition involved in the offenses set forth in Count 2, any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offense set forth in Count 2, and any and all property used or intended to be used to commit or to facilitate the commission of the offense set forth in Count 2.

2. Property Subject to Forfeiture. As part of Defendant's guilty plea to Count 2 of the Information, as set forth in section I of the plea agreement, Defendant agrees to forfeit all property seized in connection with this case, including but not limited to:

a. Canik Pistol, Model SFX Rival, 9mm caliber, Serial #T6472-22CM 14717;

b. Smith & Wesson, Model M&P 9 Shield, 9mm caliber, Serial #LEZ3160;

c. Privately manufactured handgun; PMG Polymer 80, Serial # P5FMBUS3W;

d. Privately manufactured handgun; PMG Polymer 80, Serial # P5FMBUS3X;

e. Loose 9 mm ammunition recovered from defendant's back yard;

f. A firearm magazine with live rounds recovered from defendant's backyard;

g. A loaded 9mm magazine recovered from defendant's backyard;

h. Another loaded firearm magazine recovered from defendant's backyard;

i. Loose firearm ammunition recovered from defendant's bathroom;

j. Loose 9mm round recovered from defendant's hallway floor;

k. Loose firearm ammunition recovered in a child's shoe in defendant's home;

l. 15 rounds of loose firearm ammunition found in defendant's master bedroom;

m. A loaded Smith & Wesson magazine found in defendant's master bedroom;

n. A loaded firearm magazine found in defendant's storage unit;

o. Loose firearm ammunition found in a Home Depot bucket in defendant's storage unit; and

p. A Smith & Wesson revolver, with an obliterated serial number, found in a Home Depot bucket in defendant's storage unit.

3. Basis of Forfeiture. Defendant owns all the property in paragraph B, and admits they include firearms and ammunition and related properties involved in the offenses, and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

4. Immediate Entry of Preliminary Order of Forfeiture. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the property. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to the property seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

5. Entry of Orders of Forfeiture and Waiver of Notice. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

6. Waiver of Constitutional and Statutory Challenges. Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

7. Agreement Survives Defendant; No Forfeiture Abatement. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. The only exception is: Defendant may collaterally attack the conviction or sentence on the

basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Filing any substantive motion after the plea is entered;
6. Failing to abide by any court order related to this case;
7. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
8. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may

proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

//

//

//

//

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

TARA K. MCGRATH
United States Attorney

12/9/24
DATED

ANDREW SHERWOOD
Assistant U.S. Attorney

12/9/24
DATED

PETER BLAIR
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

12-9-24
DATED

CHARLES LEE RANNEY
Defendant